NOT DESIGNATED FOR PUBLICATION

No. 115,554

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

FELESHIA ANN WILSON,
*Appellant*.

MEMORANDUM OPINION

Appeal from Leavenworth District Court; GUNNAR A. SUNDBY, judge. Opinion filed August 11, 2017. Affirmed in part and remanded with directions.

*Heather Cessna*, of Kansas Appellate Defender Office, for appellant.

*Christopher R. Scott*, assistant county attorney, and *Derek Schmidt*, attorney general, for appellee.

Before ATCHESON, P.J., MALONE and POWELL, JJ.

*Per Curiam*:  Defendant Feleshia Ann Wilson challenges her convictions for possession of cocaine and drug paraphernalia in a bench trial in Leavenworth County District Court on the grounds that the district court erred in denying her motion to suppress evidence found during an inventory search of her motor vehicle and that she never waived her right to a jury trial. As to the first point, we find that under the totality-of-the-circumstances test the Kansas Supreme Court has adopted for impoundment and inventory searches of motor vehicles, the district court correctly denied the motion to suppress. We affirm that ruling. Wilson, however, is entitled to relief on her second point, so we remand to allow her either to properly waive her right to jury trial or to assert the

1

right—requiring the convictions and sentences be set aside to afford her a jury trial on the drug charges and two related traffic offenses.

FACTUAL AND PROCEDURAL HISTORY

While on patrol around midmorning on a Saturday in February 2013, City of Leavenworth Police Officer Joseph Gaines saw an SUV parked in front of a residence he understood to be a suspected drug house. He ran the license plate and found out the SUV was registered jointly to Wilson and Dale Bailey. He also learned that Wilson and Bailey had suspended driver's licenses. Gaines drove around the block and parked his patrol car near the house. Wilson came out of the house and got in the SUV. After some delay, she drove off. In the meantime, Gaines had circled the block in his patrol car and then followed the SUV.

A few blocks and turns later, Gaines activated the emergency lights on his car so he could stop and arrest Wilson for driving with a suspended license. Wilson pulled into a parking lot for a business that was closed at the time. According to Gaines' testimony at the suppression hearing, Wilson parked the SUV across several marked parking spaces and partially in the entrance to the parking lot.

Gaines approached Wilson and told her he had stopped her for a faulty brake light. At the suppression hearing, Gaines acknowledged that was a ruse he used because he did not want to physically arrest Wilson until a backup officer got there. He asked Wilson for her driver's license and proof of insurance. Wilson admitted her motor vehicle insurance had lapsed. When the backup officer arrived, Gaines informed Wilson he was arresting her for driving with a suspended license.

Gaines asked Wilson what she wanted to do about the SUV, since he had taken her into custody and planned to deliver her to the county jail for booking. Wilson suggested

2

Bailey, who she identified as her husband, could pick up the SUV. Gaines told her that wouldn't work because he, too, had a suspended driver's license. Gaines asked Wilson if she had a preferred towing company to remove the SUV from the parking lot. She identified a company. Gaines then consulted with his supervisor and, after explaining the circumstances, received permission to impound the SUV and have it towed.

Preparatory to the tow, Gaines made an inventory search of the SUV. Underneath the driver's seat, he found the corner of a plastic sandwich bag with a white residue in it. In the center console ashtray, he found a white crystalline substance wrapped in cellophane. Gaines identified and retained both as likely evidence of illegal drug possession. Later lab tests showed the white substances in the plastic bag and the cellophane to be cocaine.

The State charged Wilson with possession of cocaine, a felony, and possession of drug paraphernalia, a misdemeanor, along with misdemeanor traffic offenses for driving while suspended and failing to maintain liability insurance. Wilson filed a motion to suppress the drugs and paraphernalia Gaines took from her SUV as the product of a constitutionally unreasonable search and seizure violating the Fourth Amendment to the United States Constitution. The district court held an evidentiary hearing on the motion to suppress and denied it.

All four charges were later tried to the district court sitting without a jury. Wilson renewed her motion to suppress based on additional testimony and evidence presented during the trial. The district court issued a short written order denying the renewed motion to suppress and finding Wilson guilty as charged. The district court sentenced Wilson to a controlling term of 20 months in prison on the felony possession conviction and placed her on probation for 12 months. Wilson has appealed.

*Motion to Suppress*

We first take up Wilson's challenge to the denial of her motion to suppress. The Fourth Amendment prohibits government agents from engaging in unreasonable seizures or searches of citizens or their property. Searches or seizures conducted without a judicially issued warrant are presumed to be unconstitutional. *State v. Richard*, 300 Kan. 715, 726-27, 333 P.3d 179 (2014). But the courts have recognized exceptions for warrantless searches or seizures in some situations. Here, the State argues Gaines acted reasonably to impound and tow Wilson's SUV and, therefore, could conduct an inventory search of the vehicle without a warrant. See *South Dakota v. Opperman*, 428 U.S. 364, 372-76, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976) (routine inventory search of lawfully impounded motor vehicle exception to Fourth Amendment warrant requirement). The State does not cite any other exception to the warrant requirement. For her part, Wilson contends Gaines did not have a constitutionally sufficient basis to impound and tow her SUV, rendering the seizure unlawful and requiring suppression of the drug-related items found in the vehicle. Wilson does not argue that Gaines' search of the interior of the SUV exceeded the scope of an otherwise constitutionally justified inventory search. In other words, if Gaines had the right to make an inventory search at all, he did not look in places in the SUV that would have been off-limits under the Fourth Amendment. Framed that way, the question is a comparatively narrow one, essentially looking at the constitutional reasonableness of the law enforcement decision to seize the SUV and remove it from the parking lot.

In reviewing a district court's ruling on a suppression issue, we apply a bifurcated standard. We accept the district court's findings of fact supported by substantial evidence and do not rebalance conflicting evidence or credibility determinations. But we exercise unlimited review of the district court's legal conclusions in light of those findings. *State v.*

*Lundquist*, 48 Kan. App. 2d 180, 183, 286 P.3d 282 (2012). The State bears the burden of proving a search or seizure to be constitutionally reasonable by a preponderance of the evidence. 48 Kan. App. 2d at 183.

In *State v. Shelton*, 278 Kan. 287, 293, 93 P.3d 1200 (2004), the Kansas Supreme Court held that for Fourth Amendment purposes, a government agent's decision to impound a private motor vehicle must "be reasonable under the totality of the circumstances." We have since considered vehicle impoundments using that test. See *State v. Branstetter*, 40 Kan. App. 2d 1167, 1171, 199 P.3d 1272 (2009) (absent statute or ordinance expressly authorizing impoundment of motor vehicle, law enforcement officer may do so based on "reasonable grounds"). A totality-of-the-circumstances analysis is frequently used to determine the constitutional reasonableness of government action under the Fourth Amendment. See, *e.g.*, *State v. McGinnis*, 290 Kan. 547, Syl. ¶ 3, 233 P.3d 246 (2010) (whether encounter between law enforcement officer and citizen is consensual or seizure judged by totality of circumstances); *State v. Dugan*, 47 Kan. App. 2d 582, 597-98, 276 P.3d 819 (2012) (exigency excusing need for warrant based on totality of circumstances); *cf. Skinner v. Railway Labor Executives' Assn.*, 489 U.S. 602, 619, 109 S. Ct. 1402, 103 L. Ed. 2d 639 (1989) ("What is reasonable, of course, 'depends on all of the circumstances surrounding the search or seizure and the nature of the search and seizure itself.'") (quoting *United States v. Montoya de Hernandez*, 473 U.S. 531, 537, 105 S. Ct. 3304, 87 L. Ed. 2d 381 [1985]).

Neither the State nor Wilson has pointed to a statute or ordinance requiring the SUV to be impounded. The Leavenworth police department policy on impoundment does not seem to mandate the seizure and removal of Wilson's SUV. But the absence of that sort of express authority is not dispositive. The particularized situation may afford constitutionally reasonable grounds to impound the motor vehicle. *Shelton*, 278 Kan. at 294; *Branstetter*, 40 Kan. App. 2d at 1171.[*]

5

[*]Some courts place considerable weight on the absence of formal authority authorizing impoundment as pointing toward constitutional unreasonableness. Others largely discount the absence of statutes or other express standards and focus on the circumstances of the specific decision to impound. See *United States v. Sanders*, 796 F.3d 1241, 1247-48 (10th Cir. 2015) (outlining division on issue among federal courts).

Here, the undisputed evidence showed that Wilson parked the SUV in a way that took up several spaces in a business parking lot open to the public and, more importantly, protruded into the entryway of the lot. Under those circumstances, the SUV posed a potential traffic hazard. And the SUV would have been a significant inconvenience to the business after it opened, especially since Wilson was not a customer and could not have readily moved her vehicle.

In *Shelton*, 278 Kan. at 294, and *Branstetter*, 40 Kan. App. 2d at 1171, the courts recognized that an unattended motor vehicle parked illegally or in a manner that could obstruct traffic presented a circumstance weighing in favor of impoundment. A motor vehicle can be considered unattended if the driver has been arrested and no one else is present to remove or lawfully park it. See *Shelton*, 278 Kan. at 296 (driver's "lawful arrest left the vehicle unattended"); compare *Branstetter*, 40 Kan. App. 2d at 1172 (availability of passenger to move vehicle factor negating reasonableness of impoundment).

An officer's inquiry of the arrested driver as to a preferred handling of his or her motor vehicle weighs strongly in favor of a constitutionally reasonable impoundment if the suggestion is impractical. The inquiry itself points toward an effort to act reasonably under the circumstances. *Shelton*, 278 Kan. at 296 ("Consultation is . . . an important factor to be considered among the totality of the circumstances in the determination of whether impoundment is reasonable.").

Here, Gaines specifically asked Wilson what she wanted to do about the SUV because she was being arrested and removed from the scene. Her suggestion, of course,

6

was not workable, since her husband didn't have a valid driver's license. Gaines was not constitutionally required to suggest some additional alternatives to impoundment. And Wilson offered none. See *Colorado v. Bertine*, 479 U.S. 367, 375-76, 107 S. Ct. 738, 93 L. Ed. 2d 739 (1987) (officer properly could exercise discretion in allowing driver to park and lock vehicle or in impounding vehicle where the decision to impound was not a subterfuge to search the vehicle in furtherance of an investigation of suspected criminal activity). So Gaines did not have to allow Wilson to park the SUV within a designated space in the lot or on the street. She probably could not have done so lawfully, since she did not have insurance on the SUV. See K.S.A. 2016 Supp. 40-3104(b) (misdemeanor to operate uninsured motor vehicle "upon a highway or upon property open to use by the public").

Gaines' request also tended to undercut the idea he chose to impound the SUV simply to look for illegal drugs or other contraband in the absence of probable cause to support such a search. See *Lundquist*, 48 Kan. App. 2d 180, Syl. ¶ 2 (Government agents may search a motor vehicle without a warrant if they have probable cause to believe contraband or evidence of a crime may be found there.). Had Wilson offered a practical suggestion that Gaines then ignored, the implication would tend to favor an impermissible subterfuge to search the SUV in violation of the Fourth Amendment. Wilson, however, marshalled no evidence to support an impermissible intent or motive behind Gaines' decision.

Although this case may be closer than some, the district court correctly found the totality of the circumstances, particularly the location of the SUV as a possible hazard to other motor vehicles entering or leaving the parking lot, rendered the decision to impound it constitutionally reasonable and, thus, consistent with the Fourth Amendment. Upon deciding to impound and tow the SUV, Gaines could then validly conduct an inventory search of its interior. See *Branstetter*, 40 Kan. App. 2d 1167, Syl. ¶ 2 ("The purposes of an inventory search are to protect the owner's property while it remains in police custody,

7

protect the police against claims or disputes over lost or stolen property, and protect the police from potential danger."). We, therefore, affirm the district court's denial of Wilson's motion to suppress the evidence seized from her SUV.

*Jury Trial Waiver*

For her other point on appeal, Wilson contends the district court neither informed her personally of her right to jury trial nor secured a waiver from her of that right. The right is one of constitutional dimension protected in the Sixth Amendment to the United States Constitution. Consistent with the fundamental character of the right, the Kansas Supreme Court has recognized that criminal defendants can validly waive their constitutional right to jury trial only after the district court has informed them of that right and secured a personal waiver from them on the record or in writing. *State v. Irving*, 216 Kan. 588, 590, 533 P.2d 1225 (1975) ("[F]or a criminal defendant to effectively waive his right to a trial by jury, the defendant must first be advised by the court of his right to a jury trial, and he must personally waive this right in writing or in open court for the record."); see *State v. Beaman*, 295 Kan. 853, 858-59, 286 P.3d 876 (2012).

The State concedes Wilson did not waive her right to jury trial in the required manner, and we have found nothing in the appellate record to indicate otherwise. The parties have not suggested any difference in treatment between the felony drug possession charge, on the one hand, and the misdemeanor paraphernalia charge and the traffic offenses, on the other, with respect to the waiver of jury trial. So we treat them identically. As to remedy, we remand to the district court for further proceedings.

The district court should reconvene the case so that Wilson can exercise an informed choice about her constitutional right to jury trial. The district court should advise Wilson of that right consistent with the requirements of *Irving*. If Wilson then personally chooses to waive her right to jury trial—a decision she should make in

8

consultation with counsel—we see no reason to set aside her convictions and the resulting sentences. Wilson has not otherwise questioned the fairness or adequacy of the bench trial. If, however, Wilson chooses to exercise her right, the convictions and sentences should be set aside and the case set for jury trial.

Affirmed in part and remanded with directions.